THE ESSEX COUNTY TRUST COMPANY

*v.*

LORENZO H. ABBEY et al.

[Decided May 5th, 1914.]

By an agreement in writing dated November 5th, 1909, the defendant Abbey agreed to sell to the defendant Schwerin certain stock, the price to be paid in monthly installments up to April 15th, 1912, at which time "the balance of the principal sum with all accrued interest at the rate of six per cent. per annum, computed quarterly on all balances due after the payments herein provided are made, shall be paid."—*Held*, that to comply with its terms we must for three months deduct the three preceding monthly payments from the principal sum then unpaid and calculate interest on the remainder from the date of the last preceding quarter.

---

*Mr. Francis Lafferty*, for the complainant.

*Mr. Corra N. Williams*, for the defendant Abbey.

*Messrs. Queen & Stout*, for the defendant Schwerin.

STEVENS, V. C.

This is an interpleader bill. The controversy turns upon the meaning of an agreement, in writing, bearing date November 5th, 1909, by which defendant Abbey agreed to sell to defendant Schwerin certain stock of the Linden Building and Construction Company. The price was to be paid in monthly installments up to April 15th, 1912. At that time, so the agreement reads,

"the balance of the principal sum, with all accrued interest at the rate of six per cent. per annum, computed quarterly on all balances due after the payments herein provided are made, shall be paid by the said party of the second part to the said party of the first part."

What does this clause mean? It must be assumed that the parties contemplated that the agreement would be performed; not that it would be broken. The agreement speaks of quarterly computations and balances due—not one computation or one balance but more than one; and due not by reason of breach but by way of performance. These are to be made from the date of the contract (November 5th, 1909) to the time of final payment (April 15th, 1912). From this it follows necessarily, that to comply with its terms we must, every three months, deduct the three preceding monthly payments from the principal sum then unpaid, and calculate interest on the remainder from the date of the last preceding quarter. Schwerin's contention is that these computations are to be made only in case there be a default in the payment of installments as they become due, and then only, as I understand the argument, as long as the default continues. But the agreement does not say so. On the contrary, it provides against default by declaring a forfeiture of all title to or interest in the stock certificate. In addition, it provides that the stock dividends shall, during the period of payment, go to the benefit of Schwerin. It is not usual to give the buyer, either of land or chattels, the enjoyment of the thing contracted for, pending performance, and yet excuse him from paying interest on the unpaid purchase-money.

Schwerin testifies that the real agreement was that he was not to pay interest on balances, but this is disputed by Abbey, and the effect of the evidence would be to vary the terms of the contract, which, on well-settled principles, cannot be done except by way of reformation. No case for reformation is made.